IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, <br> Plaintiff, <br><br> v. <br><br> RABEY ELECTRIC COMPANY, INC. <br> Defendant. | Civil Action No. 11-cv-00184-AW |

## Memorandum Opinion

Presently pending before the Court is Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *See* Doc. No. 15. The issues have been fully briefed and the Court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the Court denies Defendant's motion.

**I.   BACKGROUND**

Plaintiff National Electrical Benefit Fund ("NEBF") is a multiemployer employee pension benefit plan headquartered and administered in Rockville, Maryland. Plaintiff brought this action to recover alleged delinquent contributions from Defendant Rabey Electric Company, Inc. ("Rabey"), a Georgia corporation obligated to contribute to NEBF pursuant to provisions of collective bargaining agreements Defendant signed with the International Brotherhood of Electrical Workers Local 508 ("IBEW Local 508"). The primary issue is whether Defendant owes contributions to NEBF for its approximately 37 employees.

On December 2, 2011, Defendant filed a motion to transfer venue of this action to the Southern District of Georgia pursuant to 28 U.S.C. § 1404(a). Defendant contends that its sole

office and principal place of business are located in Savannah, Georgia, and that all of its 37 employees, who will serve as witnesses in this action, reside in Georgia. Defendant contends that all its payroll records and other documents relevant to this action are located in Georgia, and that the collective bargaining agreement between IBEW Local 508 and Defendant was negotiated and created in Georgia.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. §1404(a), a district court may transfer any civil action to any other district or division where it might have been brought, for the convenience of the parties and witnesses and in the interest of justice. In deciding whether to transfer a civil action to another district court, the Court considers several factors, including 1) the weight accorded to the plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the parties; and 4) the interest of justice. *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994). The moving party must establish by a preponderance of the evidence that the transfer will "better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Helsel v. Tishman Realty & Constr. Co.*, 198 F. Supp. 2d 710, 711 (D. Md. 2002).

## III. ANALYSIS

In the instant action, both parties agree that venue is proper in this District pursuant to ERISA's venue provision, which provides that:

> Where an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e)(2). Because Defendant "resides or may be found" in Savannah, Georgia, Plaintiff acknowledges that venue would also be proper in the Southern District of Georgia. *See* Doc. No. 17 at 4. Defendant contends that maintaining this action in the District of Maryland would be inconvenient, costly and wasteful since most if not all of the witnesses and discoverable material are located in the Southern District of Georgia.

A. Weight Accorded to Plaintiff's Choice of Forum

A plaintiff's choice of forum is entitled to deference in determining whether a transfer is appropriate. *Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F. Supp. 2d 617, 622 (D. Md. 1988). Additionally, Congress has provided that venue is proper "where the plan is administered," suggesting its intent to facilitate enforcement of ERISA by allowing plaintiffs to sue in a forum in which defendants may have only a limited connection.

While Defendant has demonstrated that its connection with Maryland is indeed limited to its submission of funds to the ERISA plan, the Court does not find this evidence alone sufficient to discount Congress' express intent to provide a basis for venue where the plan is administered. Defendant cites to a 1992 case by this Court finding, under substantially similar facts, that less weight should be accorded a plaintiff's choice of forum where"[t]his District's connection with the cause of action is limited to the administrative functions carried on by [P]laintiffs." *Trustees of Nat. Automatic Sprinkler Indus. Pension Fund v. Delta Automatic Sys., Inc.*, Civ. A. No. HAR 92–804, 1992 WL 175503, at *3 (D. Md. 1992). While the Court does not question the reasoning or outcome in the *Delta* case, it is more persuaded by current cases which have interpreted ERISA's venue provision as granting greater deference to a plaintiff's choice of forum. *See*, *e.g.*, *Plumbers & Pipefitters Nat'l Pension Fund v. T.L. Services, Inc.*, No. CIV. A. 00-1113-A, 2000

WL 1923515, at *1 (E.D. Va. Sept. 27, 2000). Accordingly, the Court declines to follow *Delta* and finds that Plaintiff's choice of forum should be given due deference.

B. Witness Convenience and Access and Convenience of the Parties

Defendant contends that all 37 of its employees, who reside in Georgia, will be witnesses in the instant action. Defendant reasons that its employees must testify as to their positions and job duties in order for the Court to determine whether the employees fall under the collective bargaining agreement. Plaintiff contends that the employees' testimony is not necessary to determine whether their job classifications are ones that require NEBF contributions. The Court agrees with Plaintiff and is not persuaded that such testimony will in fact be necessary, but even if it is, the sorts of jobs held or duties performed by these employees constitute simple factual matters that can be easily resolved through affidavits or interrogatories. Live witness testimony would likely constitute a waste of time and expense regardless of whether this action is litigated in Maryland or Georgia.

Moreover, any convenience saved by Defendant in litigating this action in the Southern District of Georgia would likely be lost by Plaintiff in having to litigate in a foreign forum. Even though Plaintiff has a national presence, Plaintiff typically brings these collection actions in this Division. Certainly a less familiar forum will be less convenient for Plaintiff.

C. Interests of Justice

"Consideration of the interests of justice 'is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties.'" *Cross v. Fleet Reserve Assoc. Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005) "Factors include the

court's familiarity with the applicable law, the possibility of an unfair trial and the possibility of harassment." *Id.* The instant action involves federal law which both districts are equally suited to handle, and Defendant has not persuasively demonstrated that the Southern District of Georgia has a greater interest in resolving the instant action than this District. The Court also does not find that maintaining this litigation in Maryland would cause such undue hardship to Defendant as to result in an unfair trial or possibility of harassment.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion for a change of venue will be denied. A separate order will follow.

January 5, 2012        /s/
Date            Alexander Williams, Jr.
            United States District Judge